O
JS-6

# United States District Court
# Central District of California

DANIEL D. DYDZAK,

                Plaintiff,

    v.

RICHARD ALEXANDER; ROBERT I. LESTER; JUDGE ANDRE BIROTTE, JR.; UNITED STATES OF AMERICA; THOMAS V. GIRARDI; and DOES 1–10, inclusive,

                Defendants.

Case № 2:16-cv-02915-ODW

**ORDER DISMISSING COMPLAINT AND DENYING AS MOOT ALL PENDING MOTIONS [1, 15, 18, 20]**

## I.   INTRODUCTION

This case is the latest in a long list of frivolous lawsuits brought by Plaintiff Daniel D. Dydzak.  This time, Plaintiff alleges that Defendants Richard Alexander, Robert Lester, the Honorable André Birotte, Jr., the United States, and Thomas Girardi are part of a conspiracy to "unlawfully harm, monitor, harass, and [surveille]" him.  For the reasons discussed below, the Court **DISMISSES** Plaintiff's Complaint *sua sponte* without leave to amend, and **DENIES** as moot all other pending Motions.[1] (ECF Nos. 1, 15, 18, 20.)

---

[1] After carefully reviewing the Complaint and the relevant legal authority, the Court deems the matter appropriate for *sua sponte* decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15; *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

## II.   FACTUAL BACKGROUND

Plaintiff alleges that Defendants have been part of a conspiracy to "unlawfully and wrongly harass, monitor, wiretap, and [surveille him]" since June 16, 2014. (Compl. ¶ 10.)  Plaintiff describes the role of each Defendant in this conspiracy as follows:

Thomas Girardi.  Girardi is an attorney in the Los Angeles-area whose practice focuses on plaintiff-side personal injury litigation.  (*Id.* ¶¶ 10, 12.)   According to Plaintiff, Girardi "fancies himself [as a Godfather-like attorney]" and apparently runs an illegal enterprise called the "Girardi Syndicate."  (*Id.* ¶ 12.)  Girardi allegedly has "a history of bribing, and giving other illegal incentives . . . to certain judicial officers and other government officials" in order to influence the outcome of lawsuits, the appointment of employees to the State Bar of California, and the selection of state and federal judges.  (*Id.* ¶ 10.)  On top of bribery, Plaintiff claims the Girardi Syndicate is also involved in money laundering.  (*Id.*)   Girardi allegedly had "numerous" communications with the other Defendants in this case "in order to carry out their conspiracy and illicit enterprise" to monitor, harass, and surveille Plaintiff.  (*Id.* ¶ 16.)

Richard Alexander.  Alexander is a Special Agent with the Federal Bureau of Investigation.  (*Id.* ¶ 2.)  Alexander is purportedly part of the Girardi Syndicate, and received bribes from Girardi—including being "wined and dined" at high-end restaurants—in order to harass and monitor Plaintiff.  (*Id.* ¶¶ 11, 21.)  Plaintiff allegedly received "harassing, unsolicited voice mail messages" from Alexander on four occasions in 2014.  (*Id.* ¶ 18.)  Each time, Alexander asked Plaintiff to return his call.  (*Id.*)  Plaintiff was apparently told by a former employee of the Central Intelligence Agency that such phone messages "were highly irregular and did not follow required federal law enforcement protocol."  (*Id.* ¶ 18.)  Furthermore, on June 16, 2014, Alexander "offensively banged on [Plaintiff's] condo door a number of times for several minutes."  (*Id.* ¶ 19.)  Plaintiff did not open the door, and Alexander left a business card on Plaintiff's door.  (*Id.*)   Plaintiff alleges that Alexander's

1   attempts to contact him left him "physically, mentally, and emotionally traumatized."
2   (*Id.* ¶ 23.)

3          Robert Lester.   Lester is an Assistant United States Attorney for the Central
4   District of California.  (*Id.* ¶ 3.)  Lester was apparently also involved in the conspiracy
5   to monitor Plaintiff, although Plaintiff does not further elaborate on Lester's role in
6   the conspiracy.  (*Id.* ¶ 16.)

7          The Honorable André Birotte, Jr.   Judge Birotte is a United States District
8   Judge for the Central District of California, and was previously the United States
9   Attorney for the district.  (*Id.* ¶ 4.)  Plaintiff alleges that Judge Birotte, in his role as
10  United States Attorney, was also part of the conspiracy to monitor Plaintiff.  (*Id.* ¶ 10.)
11  Plaintiff also does not elaborate on Judge Birotte's part in the conspiracy.

12         Plaintiff alleges that Defendants' motive for participating in this vast conspiracy
13  was to retaliate against him for exposing and publicizing numerous major crimes
14  committed by various judges, lawyers, and government officials.  (*Id.* ¶ 15.)  Some of
15  the people that Plaintiff allegedly exposed include: Charles Schwab, the founder of the
16  brokerage and banking company Charles Schwab Corporation; former Attorney
17  General Eric Holder; the Honorable George King, Chief Judge of the United States
18  District Court for the Central District of California; the Honorable Ronald M. George,
19  former Chief Justice of the California Supreme Court; and attorneys Eric George,
20  Alan Rothenberg, Joseph Lawrence Dunn, Robert Hawley, and Danielle Lee.  (*Id.*
21  ¶¶ 12, 15, 24.)  Plaintiff contends that some of these individuals are also part of the
22  conspiracy, although none of them are named as defendants in the Complaint.  Finally,
23  Plaintiff alleges that Thomas Layton, a former investigator with the State Bar of
24  California, was part of the conspiracy, although he is similarly not named as a
25  defendant in this case.  (*Id.* ¶ 12.)[2]

26  ─────────────────────
27         [2] According to Plaintiff, Layton is "a Michael Clayton-like fixer and bagman [that] bribe[s]
    certain judges, attorneys, and individuals" to perform money laundering activities for Girardi.
28  (Compl. ¶ 12.)  Layton is allegedly also part of a different criminal enterprise with former Los
    Angeles County Sheriff Lee Baca and former Undersheriff Paul Tanaka.  (*Id.*)

On April 28, 2016, Plaintiff filed this action, in which he asserts the following claims: (1) violation of 42 U.S.C. § 1983 against Defendants Alexander, Judge Birotte, Lester, and the United States; (2) intentional infliction of emotional distress against Defendant Girardi; (3) violation of 18 U.S.C. § 2520 against Defendants Judge Birotte, Lester, and Alexander. (ECF No. 1.) On May 11, 2016, the Court sealed the Complaint because it appeared to disclose the personal addresses and telephone numbers of several persons, and ordered Plaintiff to refile a redacted version of the Complaint within 14 days. (ECF No. 8.) On May 13, 2016, Plaintiff moved to recuse the undersigned from this matter. (ECF No. 9.) The motion was referred to the Honorable Michael W. Fitzgerald for decision. (ECF No. 14.) On May 26, 2016, Judge Fitzgerald denied the motion. (ECF No. 21.) While that motion was pending, Plaintiff also moved for an order "reversing" the Court's order sealing his Complaint, and moved to transfer this matter to another district based on the perceived bias of all judges in the Central District of California. (ECF Nos. 18, 20.) Plaintiff served a copy of both motions on Chief Judge King, Judge Fitzgerald, Chief Justice John G. Roberts of the United States Supreme Court, Chief Judge Sidley Thomas of the United States Court of Appeals for the Ninth Circuit, and Senator Chuck Grassley, Chairman of the Senate Judiciary Committee. (*Id.*) The only defendant to appear in the matter so far is Girardi, who has moved to dismiss Plaintiff's Complaint. (ECF No. 15.) Based on the Court's review of the Complaint, the Court hereby issues this *sua sponte* Order dismissing Plaintiff's Complaint.[3]

---

[3] While not directly relevant to the merits of the Complaint, the Court notes that Plaintiff has a colorful history with the judicial system. Plaintiff was admitted to the State Bar of California in December 1985. *State Bar of CA: Daniel D. Dydzak*, The State Bar of California, http://members.calbar.ca.gov/fal/Member/Detail/121857 (last visited May 30, 2016). In August 1998, Plaintiff was suspended from the practice of law for, *inter alia*, mishandling client funds. *Id.* In February 2004, Plaintiff was disciplined for practicing law during his period of suspension. *Id.* In June 2010, Plaintiff was disbarred for failing to file court documents in a timely manner, failing to appear for his clients, settling and dismissing a case without his clients' consent, and holding himself out as eligible to practice while he was suspended. *Id.*

Plaintiff has since filed no less than four federal lawsuits challenging his disbarment. *See* Order, *Dyzdak v. Cantil-Sakaye et al.*, Case No. 2:11-CV-05560, at 3–7 (C.D. Cal. Sept. 25, 2012)

### III.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well*

---

(describing Plaintiff's litigation history). Each lawsuit is replete with frivolous allegations, motions, and appeals. *Id.* After Plaintiff filed a lawsuit naming as defendants virtually every sitting judge in the Central District of California, Judge Coughenour declared Plaintiff a vexatious litigant and prohibited Plaintiff from filing any further lawsuits challenging his disbarment without prior court authorization. *Id.* This Order was affirmed by the Ninth Circuit. *Dydzak v. Cantil-Sakauye*, 603 F. App'x 622, 623 (9th Cir. 2015).

1  *Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d
2  1122, 1127 (9th Cir. 2000).

### IV.   DISCUSSION

4         The Court concludes that Plaintiff's Complaint fails to state a plausible claim
5  for relief.  Following *Iqbal* and *Twombly*, the Ninth Circuit announced a two-part test
6  for all civil complaints.  "First, to be entitled to the presumption of truth, allegations in
7  a complaint or counterclaim may not simply recite the elements of a cause of action,
8  but must contain sufficient allegations of underlying facts to give fair notice and to
9  enable the opposing party to defend itself effectively.  Second, the factual allegations
10 that are taken as true must plausibly suggest an entitlement to relief, such that it is not
11 unfair to require the opposing party to be subjected to the expense of discovery and
12 continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

**A.    Factual Allegations**

14        The following facts are pleaded with sufficient specificity so as to be entitled to
15 the presumption of truth: (1) On June 16, June 24, July 2, and July 10, 2014,
16 Alexander called Plaintiff's cellphone and left voice messages requesting that Plaintiff
17 return his call and/or meet with him; (2) On June 16, 2014, Alexander knocked on
18 Plaintiff's front door for several minutes, and left his business card on the door after
19 Plaintiff did not answer; (3) For a "lengthy period of time" after June 16, 2014,
20 Plaintiff was unable to receive numerous calls on his cellphone, heard "strange noises
21 or clicks" when using his phone, and had to have his phone reset by his service-
22 provider; and (4) Plaintiff noticed several "strange notations" in his cellphone's
23 contact list that he did not recognize, including one notation that said "Published yt?"
24 (Compl. ¶¶ 18, 19, 25, 26.)   The remaining factual allegations are either legal
25 conclusions, unwarranted factual deductions, unwarranted inferences, or simply
26 irrelevant character attacks on Defendants and other persons.

**B.    Entitlement to Relief**

28        Plaintiff asserts the following claims in his Complaint: (1) violation of 42

U.S.C. § 1983 against Defendants Alexander, Judge Birotte, Lester, and the United States; (2) intentional infliction of emotional distress against Defendant Girardi; and (3) violation of 18 U.S.C. § 2520 against Defendants Judge Birotte, Lester, and Alexander.  (ECF No. 1.)   Even taking the well-pleaded allegations in Plaintiff's Complaint as true, the Court nevertheless concludes that they do not "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Starr*, 652 F.3d at 1216.

**1.     Section 1983 Claim**

Plaintiff's claim under 42 U.S.C. § 1983 fails for several reasons.

**i.     The United States**

Plaintiff's § 1983 claim against the United States is untenable.  Section 1983 applies only to persons acting under color of *state* law, and thus obviously does not apply to the United States.  *See, e.g.*, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 398 n.1 (1971) (Harlan, J., concurring).  Moreover, because "courts lack subject matter jurisdiction to hear constitutional damage claims against the United States," *Rivera v. United States*, 924 F.2d 948, 951 (9th Cir. 1991), the dismissal should be without leave to amend.

**ii.     Judge Birotte, Lester, and Alexander**

Like the United States, neither Judge Birotte, nor Lester, nor Alexander are alleged to have been acting under color of state law, and thus § 1983 does not apply to them.  Moreover, Plaintiff fails to identify the constitutional right that Defendants allegedly violated, and therefore the Complaint does not give Defendants fair notice of the claims against them.

More importantly, though, none of the well-pleaded allegations make out a constitutional violation.  There is nothing unconstitutional about a government agent attempting to contact a private individual by leaving four voicemail messages on his cellphone and knocking on his door once.  Similarly, the problems that Plaintiff

1    experienced with his cellphone do not plausibly establish that Defendants, or *anyone*,
2    was surveilling him, let alone in violation of his constitutional rights.  The remaining
3    allegations—that this was all part of a broad conspiracy led by the "Girardi Syndicate"
4    to monitor, wiretap, and harass Plaintiff in retaliation for exposing and publicizing
5    unlawful conduct of prominent government officials—are nothing but a series of
6    unwarranted, and frankly absurd, inferences given the innumerable other (and
7    perfectly lawful) explanations for the voicemails, the visit, and the cellphone
8    disturbances.[4]   *See Iqbal*, 556 U.S. at 682.   Thus, the Court dismisses this claim
9    without leave to amend.

10          **2.     Intentional Infliction of Emotional Distress**

11          "The elements of a cause of action for intentional infliction of emotional
12    distress are: (1) outrageous conduct by the defendant, (2) intention to cause or reckless
13    disregard of the probability of causing emotional distress, (3) severe emotional
14    suffering and (4) actual and proximate causation of the emotional distress." *Bikkina v.*
15    *Mahadevan*, 241 Cal. App. 4th 70, 87–88 (2015) (internal quotation marks omitted).

16          None of the well-pleaded allegations establish the first element of the claim.
17    Even assuming Girardi was somehow involved in and responsible for Alexander
18    leaving four voicemail messages on Plaintiff's cellphone and knocking on his door
19    once, this is not conduct that is "so extreme as to exceed all bounds of that usually
20    tolerated in a civilized community." *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494
21    (1998) (internal quotation marks omitted).   Dismissal without leave to amend is
22    appropriate.

23          **3.     18 U.S.C. § 2520**

24          This statute provides that "any person whose wire, oral, or electronic
25    communication is intercepted, disclosed, or intentionally used in violation of this
26    chapter may in a civil action recover from the person or entity, other than the United

27    ───────────────
      [4] And even if these allegations were entitled to a presumption of truth, there is nothing
28    unconstitutional about a "conspiracy" to make telephone calls to Plaintiff and knock on his door.

States, which engaged in that violation such relief as may be appropriate." 18 U.S.C. § 2520(a). Again, the problems that Plaintiff was experiencing with his cellphone and the attempts by Alexander to contact Plaintiff do not plausibly show that Plaintiff's communications were being "intercepted, disclosed, or intentionally used" within the meaning of the statute, let alone that Judge Birotte or Lester had anything to do with it. Thus, this claim should also be dismissed without leave to amend.

## V.    CONCLUSION

For the reasons discussed above, the Court hereby **DISMISSES** Plaintiff's Complaint without leave to amend, and **DENIES** as moot all other outstanding motions in this case. (ECF Nos. 1, 15, 18, 20.) The Court cautions Plaintiff that any additional motions brought without a good faith and reasonable basis will result in sanctions under Rule 11, and may potentially result in the Court entering additional pre-filing orders against Plaintiff if necessary. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

June 1, 2016

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**